**In the Matter of the Appeal of Daniel J. NORDGREN, Jr., et al., Appellants,**

v.

**CITY OF MAPLEWOOD, Ramsey County, Minnesota, Respondent.**

No. 81–1296.

Supreme Court of Minnesota.

Nov. 24, 1982.

Lais, Bannigan & Ciresi and John F. Bannigan, Jr., St. Paul, for appellants.

Houk, Raia & Associates and Larry K. Houk, St. Paul, for respondent.

WAHL, Justice.

The City of Maplewood (City) appeals from an order of the Ramsey County District Court, dated November 4, 1981, requiring it to refund $4,202 in cash connection charges. We reverse and remand.

Respondents owned lots in the Netnorlin Addition that now adjoin Woodlynn Avenue. After the City constructed Woodlynn Avenue and installed water and sewer systems, it assessed respondents' lots for the improvements. Respondents appealed the assessments under Minn.Stat. § 429.081 (1980), claiming that the assessments exceeded the benefits to the lots. After a hearing, the court reduced the assessments on three lots and voided the assessments on three others. This decision was never appealed, and the City reduced the assessments as instructed.

The parcel involved in the present appeal, Number 16, had originally been assessed in the amount of $6,914. Because of the construction of Woodlynn Avenue, the lot was situated below grade level and would require fill for development. Its value was reduced drastically, and the entire assessment was voided by the court. Subsequently, when respondents attempted to develop the lot, the City charged $4,202 as "connection charges" for tapping into its water and sewer mains and conditioned issuance of building permits on their payment. The charges were paid under protest and became the basis of this district court action to find the City in contempt of the previous court order.

Respondents do not object to the water and sewer availability charges imposed on them by Maplewood Ordinances Nos. 345 and 406. They do object to the cash connection charge which is authorized by Minn. Stat. § 444.075, subd. 3 (1980) but which cannot be traced to an ordinance or resolution. They argue also that it is, in effect, an attempt by the City to recoup the assessment previously denied.

The Ramsey County District Court opined that Minn.Stat. § 444.075, subds. 3 and 5 gave the City authority to impose the connection charge as calculated by the City Clerk but concluded that the City was reimposing a charge already prohibited by the court, thereby undermining the respondents' successful appeal of the assessment. The court ordered a refund of the cash connection charge, with interest, and enjoined the City from imposing any charges prohibited by the previous district court order.

The City argues that a cash connection charge made pursuant to Minn.Stat. § 444.-075, subds. 3 and 5 is not prohibited by a finding of no benefit in an assessment appeal pursuant to Minn.Stat. § 429.081. Respondents argue, first, that the City is without authority to impose a cash connection charge in this instance without a city ordinance. The City has produced neither an ordinance nor a resolution in the council minutes that prescribed these charges. Beyond that, respondents argue that the imposition of the connection charge in this case violated the district court order of April 19, 1979, which voided the prior assessment.

The levy of the connection charge in this case is authorized by Minn.Stat. § 444.075 as we interpreted that statute in *Crown Cork & Seal Co. v. City of Lakeville,* 313 N.W.2d 196 (Minn.1981). The trial court, handing down its decision on November 4, 1981, did not have the benefit of the *Crown Cork* decision handed down by this court 1 month later. As we noted in *Crown Cork,* connection charges are not assessments and may be imposed on top of prior assessments. Thus, the City here could properly impose a connection charge on land for which assessments were voided, so long as the charge is just and equitable as the statute requires.[1] The April 1979 order voided assessments because there was no benefit to the land. *Crown Cork* held that the benefit to the land is not material to the different and separately authorized connection charge. Thus, imposition of a connection charge on land where assessments were voided is permissible when the owners make connections with the improvements.

Imposition of a connection charge would be impermissible, however, if it were imposed discriminatorily as a way of subverting the April 1979 order, or if the charge were not just and equitable. There is no evidence in the record before us that such a cash charge has not also been levied against other similarly situated property owners. Respondents do have the right under the statute to a hearing on whether the connection charge is just and equitable.

With regard to whether the imposition of a connection charge necessitated an ordinance or resolution, we conclude that, when such a charge is "prescribed" under Minn.Stat. § 444.075, subd. 5, the formal enactment of either an ordinance or a resolution is necessary. Without an ordinance or resolution showing adoption of a standard charge imposed for all connections for sewer and water service, it is impossible to ascertain whether the charge imposed varied from that imposed on others. We hold that the City of Maplewood did not violate the April 1979 order by imposing a connection charge on respondents if there exists an authorizing resolution or if the City ratifies and adopts the action, as was permitted in *Edwards v. Mettler,* 268 Minn. 472, 478, 129 N.W.2d 805, 809 (1964).

We reverse the order of the district court and remand for a hearing at which the City of Maplewood may show council approval for the charge and respondents may be heard as to whether the charge is just and equitable as required by the statute.

Reversed and remanded.

---

1. Charges; net revenues. For the purpose of paying for the construction, reconstruction, repair, enlargement, improvement, or other obtainment and the maintenance, operation and use of such facilities, the governing body of any such city or county shall have authority to impose just and equitable charges for the use and for the availability of such facilities and for connections therewith * * *.

Minn.Stat. § 444.075, subd. 3 (1980).