Ronald D. JOHNSON and Patricia
J. Johnson, Appellants,

v.

CITY OF EAGAN, Respondent.

No. C2–97–1000.

Supreme Court of Minnesota.

Oct. 1, 1998.

Rowland, Mertensotto, & Sholts, P.A., Charles E. Mertensotto, Jill Johnsons Sholts, St. Paul, for appellants.

Severson, Sheldon, Dougherty & Molenda, P.A., James F. Sheldon, Sharon K. Hills, Apple Valley, for respondent.

League of Minn. Cities, Carla J. Heyl, St. Paul, amicus curiae.

## OPINION

GILBERT, Justice.

The issue in this case is whether a municipality that has recovered, through special assessments, an amount equal to the judicially determined benefit to property but less than the cost of the improvement may recover the shortfall through a fee imposed only on properties that paid judicially reduced

assessments. Because we find that such recoupment constitutes an unconstitutional taking and a subversion of the judicial reduction of the assessment, we reverse the decisions of the lower courts.

In 1992, the City of Eagan (City) authorized a public improvement project that included the construction of an 8″ trunk water main in Dodd Road. The feasibility report called for this water lateral benefit to be assessed in part to Ronald and Patricia Johnson's (Johnsons) property using a linear method. The proposed assessment rate to the properties within the Johnsons' subdivision was determined by dividing the estimated lateral water main cost by the front feet of water main within the subdivision. This resulted in a proposed assessment of $12 per front foot. Accordingly, the Johnsons' property was originally assessed $2,508, based on the 209 front feet of the Johnsons' property located in the benefit area.

The Johnsons challenged that assessment, and after a full trial on the merits of the case, the court reduced the assessment to $1550, the amount of the benefit conferred on the Johnsons' property by the assessed improvement. In reducing the assessment, the court found that "[t]he assessment levied against [the Johnsons'] propert[y] exceeds the benefit as measured by the increase in the market value afforded by the 8″ main."[1] The City did not appeal that November 10, 1994 decision.

In 1996, the Johnsons decided to connect to city water. The City then charged the Johnsons a standard connection charge of $1,328.50 and a "lateral benefit water fee" of $1,605.10. The Johnsons paid and did not challenge the $1,328.50 connection charge, but challenged the lateral benefit water fee, which they paid under protest.

The City charged the challenged fee only to those properties that had paid judicially reduced assessments. The fee was based on the portion of the cost of the improvement that had been disallowed by the November 1994 court order, and was adjusted to 1996 pricing. The City used a two-step process to calculate the lateral benefit water fee. The City first applied the full amount of the judicially determined and paid assessment to only a portion of the Johnsons' property. The portion of front footage assessed was arrived at by dividing $1550, the amount of the original assessment allowed and paid, by the original $12 assessment rate per frontage foot. The City's Public Works Director testified that the Johnsons had therefore paid an amount "equivalent to" the full assessment on approximately 130 of the 209 front feet of the Johnsons' property, and that this portion had "fulfilled its obligation." The City next determined that the remaining 79 feet of the Johnsons' front footage had not fulfilled any of its obligation for the improvement. In 1996, when the Johnsons decided to hook up to city water, they were then assessed the full 1996 rates of $20.30 per front foot against the remaining 79 front feet of the property. This resulted in a lateral benefit water fee of $1605.10.

The Johnsons challenged the fee in conciliation court, and the court ordered a refund of the fee. The City removed the case to the trial court, which held that the fee was not discriminatory nor did it subvert the November 1994 court order. The trial court held that the fee was instead a permissible means of recovering the full cost of the improvement and need not be determined with reference to the benefit to the property. The court of appeals, in a split decision, affirmed the trial court.

The sole issue in this case is one of law, and is therefore subject to de novo review.[2]

A special assessment is "a tax, intended to offset the cost of local improvements * * * which is selectively imposed on the beneficiaries of such products."[3] An assessment in excess of the benefit conferred by the local improvement on the property assessed is an unconstitutional taking of private property.[4] When the cost of an im-

---

1. *Tessmer v. City of Eagan*, Civ. No. 19–C5–93–10032 (Minn. First Jud. Dist. Nov. 10, 1994).

2. *See Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn.1977).

3. *Buettner v. City of St. Cloud*, 277 N.W.2d 199, 201 (Minn.1979).

4. *Norwood v. Baker*, 172 U.S. 269, 279, 19 S.Ct. 187, 43 L.Ed. 443 (1898); *Buettner*, 277 N.W.2d at 202; *Carlson–Lang Realty Co. v. City of Windom*, 307 Minn. 368, 240 N.W.2d 517 (1976).

provement exceeds the benefit, the difference must not be borne by a particular property, but instead by the municipality as a whole.[5]

The city urges that the lateral benefit water fee is a connection charge authorized by Minn.Stat. § 444.075, subd. 3 (1996). This statute allows connection fees to be charged, and to be "fixed by reference to the portion of the cost of connection which has been paid by assessment of the premises to be connected, in comparison with other premises."[6] However, as mentioned, there are constitutional limitations to such charges.

■ A city may recoup improvement costs through a use, availability or connection charge,[7] a special assessment,[8] or taxation.[9] The Johnsons have essentially acknowledged the City's power to assess and impose a connection charge by paying and not contesting the $1,328.50 standard connection charge and the judicially approved assessment of $1,550.00. A city may not, however, impose a connection charge in an attempt to recoup portions of assessments that have been judicially disallowed; such a charge is impermissible "if it [is] imposed discriminatorily as a way of subverting [a reduction or avoidance of an assessment]."[10]

■ The City asserts that the lateral benefit water fee is not discriminatory because other properties paid the full cost of the improvement, through either the initial assessment or the lateral benefit water fee. However, those payments are not determinative of what is permissible under these facts. The lateral benefit water fee was imposed *only* on those properties that had paid an assessment less than the cost of the improvement, but in an amount equal to the benefit conferred thereon.

The lateral benefit fee in this case is a special assessment. It is not a standard connection charge such as the one approved by this court in *Crown Cork*.[11] It has been imposed discriminatorily as a way to subvert the November 1994 court order and is not just and equitable. In an effort to circumvent the November 1994 court order, the City stacked the full assessment on only 130 front feet of the Johnsons' property rather than spreading the assessment along the entire 209 front feet. The City's feasibility report and the November 1994 judgment, however, required that the $1,550 be applied to the entire "assessable frontage" of the Johnsons' property. Accordingly, this fee constitutes an unconstitutional taking of private property and is impermissible regardless of whether the recoupment effort is under the guise of an assessment or a connection charge.

The Johnsons are therefore entitled to a refund of the lateral benefit water fee and costs pursuant to Minn.Stat. § 429.081 (1996), together with prejudgment interest from October 3, 1996.[12] Although attorney fees were requested by the Johnsons pursuant to Minn.Stat. § 549.211, subd. 2 (Supp. 1998), none will be awarded. We reverse the decisions of the lower courts and remand for further proceedings consistent with this opinion.

Reversed and remanded.

LANCASTER, J., took no part in the consideration or decision of this case.

5. *In re Village of Burnsville*, 310 Minn. 32, 38, 245 N.W.2d 445, 449 (1976).

6. Minn.Stat. § 444.075, subd. 3 (1996).

7. *Id.*

8. *Id.* §§ 429.051, 444.075, subd. 4.

9. *Id.* § 444.20.

10. *Nordgren v. City of Maplewood*, 326 N.W.2d 640, 642 (Minn.1982).

11. *Crown Cork & Seal Co. v. City of Lakeville*, 313 N.W.2d 196, 198, 201 (Minn.1981).

12. Minn.Stat. § 549.09, subds. 1(a), 1(b) (1996).